Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
100 SW Kerr Parkway, #29
Lake Oswego, OR 97035
503 376 6774, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED 08 FEB 11 11:48USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **Kerrie Casas,**<br><br>                Plaintiff,<br><br>        vs.<br><br>**Allianceone Receivables Management, Inc.,**<br><br>                Defendant | Case No.: 08-6049-TC<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) ; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

(1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

(2) Intentional Infliction of Severe Emotional Distress

600003038

## II. JURISDICTION

2.     The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.  This court has supplemental jurisdiction over the Oregon State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3.     Plaintiff, Kerrie Casas ("Plaintiff"), is a natural person residing in Marion County, Oregon.

4.     Defendant, AllianceOne, Inc. ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     On or around the 7th of October, 2007, Defendant began contacting plaintiff by phone at her place of work in an attempt to collect an alleged outstanding debt.  In the 2 weeks that followed, Defendant called the "landline" at Plaintiff's workplace approximately 8 times.  Defendant did not place calls to any other telephone line in an attempt to reach Plaintiff during this period.  During this 2 week period, Defendant caused Plaintiff's telephone to ring repeatedly with intent to harass, annoy or abuse (Violated FDCPA: 15 USC §1692d(5));

7. In the initial oral conversation with Plaintiff, Defendant failed to, as required by 15 USC 1692g, give any of the notices respecting the 30 day period wherein Plaintiff may

demand validation, and thereafter failed to send Plaintiff written notice of same within 5 days after the initial communication as required by 15 USC §1692g (Violated FDCPA: 15 USC § 1692g))

8. On or around the 19th of October, at approximately 7:30 am, Plaintiff called Defendant from her workplace and left a message with Defendant which stated that she no longer wanted Defendant to call her at work. An employee of Defendant called Plaintiff soon after and informed Plaintiff that she could not tell Defendant not to call Plaintiff at work. Plaintiff again asked the employee of Defendant not to call her at work and hung up the phone. The same employee of Defendant then called back immediately to Plaintiff's work telephone and asked to speak to Plaintiff's supervisor, intimating that Defendant would speak to Plaintiff's supervisor about the debt. The same employee then asked Plaintiff to give her the name and telephone number of Plaintiff's supervisor, again intimating that she intended to speak to Plaintiff's supervisor about the debt. Plaintiff again hung up on Defendant's employee. The same employee of Defendant again called back immediately after Plaintiff hung up, but Plaintiff did not answer this call. The actions of Defendant during this episode violated 15 USC § 1692e(5), 15 USC § 1692d(5), 15 USC §1692d, and 15 USC § 1692c(a)(1)&(3).

9. On the 18th of October, during a conversation with Plaintiff, an employee of Defendant claimed that Defendant had filed a fraud complaint in Polk County, which statement was untrue (Violated 15 USC § 1692e(10)).

10.  On the 18th of October, during a conversation with Plaintiff, an employee of Defendant left a phone message for Plaintiff stating the Plaintiff was in violation of "Better Business Bureau Practices," this statement was untrue (Violated 15 USC § 1692e(10)).

11.  On several occasions, employees of Defendant placed telephone calls to Plaintiff in connection with a debt collection and failed to identify the true name of Defendant, instead saying on each occasion that they were calling on behalf of Citibank, the original creditor (Violated 15 USC § 1692d(6)).

12.  Sometime during the week of the 7th of October, an employee of Defendant threatened Plaintiff that Defendant would garnish Plaintiff's wages and attach her property, without mentioning that first Defendant would have to sue Plaintiff (violated 15 USC § 1692d(5))

13.  As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14.  Defendant intended to cause, by means of the actions detailed in paragraphs 6-12, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.  Defendant's actions, detailed in paragraphs 6-12, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to Plaintiff.

13.  Defendant's actions, detailed in paragraph 6-12, constituted an extraordinary transgression of the bounds of socially tolerable conduct

14.    To the extent Defendant's actions, detailed in paragraphs 6-12, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA

B.    Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon.

D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and   any unsuccessful claims arising out of the same transaction or occurrence as the    successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 8th day of February, 2008,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
100 SW Kerr Parkway, #29
Lake Oswego, OR 97035
503 376 6774, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff